| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |

| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | **CASE NUMBER**<br><br>12-46840CA09 |
|---|---|---|
| **PLAINTIFF(S)**<br><br>JESUS CORONEL | **VS.  DEFENDANT(S)**<br><br>MIAMI-DADE COUNTY, FLORIDA a political subdivision of the State of Florida, et al | **SERVICE**<br>REC'D: _____<br>SERVED: _____<br>DATE: 12/6/12 TIME: 4:37 PM<br>P.S. 1826 ESS |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this

action on defendant(s): Miami Dade County

by service upon Carlos A. Jimenez, Mayor of Miami Dade County, FL

Stephan P. Clark Center, 111 NW 1st Street, Miami, FL 33128

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: Law Office of Leila G. Presner

whose address is: 242 NW 12 Avenue, Miami, FL 33128

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,**
**or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.**
**When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons
on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK OF COURTS** | BY: _____<br>DEPUTY CLERK | DEC – 6 2012<br>DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of certain
assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson
E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone
(305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your
scheduled court appearance, or immediately upon receiving this notification if the time
before the scheduled appearance is less than 7 days; if you are hearing or voice impaired,
call 711."**

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | CIVIL COVER SHEET | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | | 12 - 4 6 0 4 0 CA 09 |

| PLAINTIFF<br><br>JESUS CORONEL | VS. DEFENDANT<br><br>MIAMI-DADE COUNTY , FLORIDA<br>A POLICTICAL SUBDIVISION OF<br>STATE OF FLORIDA, MIAMI DADE<br>POLICE DEPARTMENT, FLORIDA<br>DIVISION OF HIGHWAY SAFETY AND<br>MOTOR VEHICLES AND W.<br>KOSTOPULAS                    ⊞ | CLOCK IN<br><br>ORIGINAL FILED<br><br>ON   DEC - 3 2012<br>IN THE OFFICE OF<br>CIRCUIT COURT MIAMI-DADE CO.<br>CIVIL DIVISION |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required for the use by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ Negligence - Other
  ☐ 097 - Business Governance
  ☐ 098 - Business Torts
  ☐ 099 - Environmental/Toxin Tort
  ☐ 100 - Third Party Indemnification
  ☐ 101 - Construction Defect
  ☒ 102 - Mass Tort
  ☐ 103 - Negligent Security
  ☐ 104 - Nursing Home Negligence
  ☐ 105 - Premises Liability - Commercial
  ☐ 106 - Premises Liability - Residential
  ☐ 107 - Negligence - Other
☐ Real Property/Mortgage Foreclosure
  ☐ 108 - Commercial Foreclosure $0 - $50,000
  ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  ☐ 110 - Commercial Foreclosure $250,000 - or more
  ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  ☐ 117 - Other Real Property Actions $0 - $50,000
  ☐ 118 - Other Real Property Actions $50,001 - $249,999

  ☐ 119 - Other Real Property Actions $250,000 or more
☐ Professional Malpractice
  ☐ 094 - Malpractice - Business
  ☐ 095 - Malpractice - Medical
  ☐ 096 - Malpractice - Other professional
☒ Other
  ☐ 120 - Antitrust/Trade Regulation
  ☐ 121 - Business Transactions
  ☐ 122 - Constitutional Challenge - Statute or Ordinance
  ☐ 123 - Constitutional Challenge - Proposed amendment
  ☐ 124 - Corporate Trust
  ☐ 125 - Discrimination - Employment or Other
  ☐ 126 - Insurance Claims
  ☐ 127 - Intellectual Property
  ☐ 128 - Libel/Slander
  ☐ 129 - Shareholder Derivative Action
  ☐ 130 - Securities Litigation
  ☐ 131 - Trade Secrets
  ☐ 132 - Trust Litigation
☐ 133 - Other Civil Complaint
  ☐ 009 - Bond Estreature
  ☐ 014 - Replevin
  ☐ 024 - Witness Protection
  ☐ 080 - Declaratory Judgment
  ☐ 081 - Injunctive Relief
  ☐ 082 - Equitable Relief
  ☐ 083 - Construction Lien
  ☐ 084 - Petition for Adversary Preliminary Hearing
  ☐ 085 - Civil Forfeiture
  ☐ 086 - Voluntary Binding Arbitration
  ☐ 087 - Personal Injury Protection (PIP)

Clerk's web address: www.miami-dadeclerk.com

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JESUS CORONEL,
      **Plaintiff**

    Case No.: 12-4684 0CA 09

**vs**

MIAMI-DADE COUNTY, FLORIDA,
 a political subdivision
of the State of Florida,
MIAMI DADE COUNTY POLICE DEPARTMENT,
FLORIDA DIVISION OF  HIGHWAY SAFETY
AND MOTOR VEHICLES, and
W. KOSTOPOULAS,
      **Defendants**

    **COMPLAINT**
    **(Jury Trial Demand)**

THE ORIGINAL FILED

ON   DEC - 3 2012

IN THE OFFICE OF
CIRCUIT COURT MIAMI-DADE CO.
CIVIL DIVISION

_____/

<u>COMPLAINT</u>

Plaintiff sues Defendants, and alleges:

<u>I. INTRODUCTION</u>

    This action arises under the Fourth, Fifth and Fourteenth Amendments to the United

States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; for intentional

and/or negligent infliction of emotional distress, negligence, negligent supervision, gross

negligence, false imprisonment, false arrest, and civil conspiracy.

    At all times relevant the individual Defendant, W. KOSTOPOULAS, was acting in the

scope of his employment, and under color of state law, he made an unlawful arrest of Plaintiff

that resulted in unreasonable search and seizure against the Plaintiff. The Defendant' actions

caused injury to the Plaintiff, property causing damages.

Action is brought against the Miami Dade County, Miami Dade County Police Department for its failure to properly train and supervise the individual Defendants in the proper use of force and techniques used to secure the search of a vehicle, search and seizure and its establishment of policies, procedures, practices, and customs regarding arrests.

Action is also brought against the State of Florida and Division of Highway Safety and Motor Vehicles for its failure to properly train and supervise as the they improperly reversed a title without proper notice, owners knowledge and based on a mere facsimile letter from the police department.

## II. JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, see Maine v. Theboutot, 448 US 1 (1980) and venue is properly set in the Miami Dade County, Florida as the Plaintiff was arrested in the County and the property was seized therein.

2. The causes of action alleged herein arise from factual allegations occurring in Miami Dade County, Florida.

3. On information and belief, it is alleged that MIAMI DADE COUNTY POLICE DEPARTMENT, FLORIDA DIVISION OF HIGHWAY SAFETY AND MOTOR VEHICLES, are political subdivision(s) of the State of Florida and W. KOSTOPOULAS is an individual and/or agent for a political subdivision.

4. Plaintiff resides in Miami Dade County, Florida.

5. The amount in controversy is within the jurisdictional amount of this Court.

### III. PARTIES

1. The Plaintiff, JESUS CORONEL, an individual, is a resident of Miami-Dade County, Florida at all times material hereto and is additionally an officer of VIP Towing, the next Generation, Inc (herein after "VIP").

2. The Defendant, MIAMI DADE COUNTY is a political subdivision of the State of Florida.

3. The Defendant, Detective, W. KOSTOPOULAS is an duly appointed officer of Miami Dade County Police Department acting under color of law and pursuant to all statutes, ordinances, policies, customs and usages of the State of Florida and/or MDPD.

4. The Defendant, FLORIDA DIVISION OF HIGHWAY SAFETY AND MOTOR VEHICLES is a Florida State Agency (hereinafter "DHSMV") acting under color of law and pursuant to all statutes, ordinances, policies, customs and usages of the State of Florida.

5. All conditions precedent to the filing of this suit have been complied with or waived.

### Fact Common to All Causes of Action.

6. On or about November 3, 2008 responding to a request, a trailer was towed from City of Homestead, Metro Dade County, FL by "VIP";

7. The request to tow the trailer was made by, and was within, the legitimate police powers of the City of Homestead, Florida.

8. That same day of the tow, Miami Dade County Police was notified by "VIP" who furnished the Vehicle identification number (VIN) of the trailer which showed "no record"

and both City of Homestead Police Department and Miami Dade County Police Department came out to verify VIN and it was determines to be correct.

9.  "VIP" sent out a good faith notice on or about November 10, 2008;

10. On or about November 10, 2008 Detective W. KOSTOPOULAS came out to the storage area of "VIP" without a warrant to search the premises and question Defendant and co-owner who fully cooperated;

11. Detective  W. KOSTOPOULAS then called Werner Inc., the registered owner in Nebraska to tell them to collect his trailer and to send an affidavit;

12. Werner Inc. then contacted "VIP" by telephone but did not provided the requested documentation;

13. On December 24, 2012 "VIP" acquired title to the  trailer;

14. On January 9, 2012 the trailer was towed by Southeast Towing, Inc., under direction of Detective W. KOSTOPOULAS.

15. On or before January 12, 2009 an administrative stop was issued on the title;

16. On January 22, 2009, the owners of "VIP" were arrested by Detective W. KOSTOPOULAS including JESUS CORONEL , at his place of business, in view of employees and other business persons in the area, for Organized Fraud, Grand Theft 2nd degree, Fraudulent Application of Vehicle Title Registration and False Lien for Recovering, Towing or Storing Vehicles.

17. JESUS CORONEL was handcuffed behind his back on or about 8:00 am and remained

handcuffed as he was transported by Miami Dade County Police Department to the Coral

Reef Station where he was placed in a cell, then transported again to the Hammocks station

where he was placed in another cell for about 4 hours until he was transported to Turner

Gilford Knight about 11:00 pm.

18. JESUS CORONEL after physical inconvenience is released from county jail and

    discovered the trailer towed by Southeast Towing was released to Werner, Inc. without

    responding to VIP's requests for documentation.

19. On January 24, 2012 the title for the trailer was reversed by "DHSMV."

20. No proper letters in compliance with FS 713.78 regarding storage or release of vehicles

    were ever sent to "VIP."

21. On or about January 26, 2012 the "DHSMV" sent "VIP" certified letter stating that the title

    was obtained by fraudulent means.

22. State Attorney told the Plaintiff through a second party that he did not want to go forth

    and that at least two other State Attorney's did not file on this case because they did not

    believe any crime was committed and it was a civil matter;

23. Information was filed upon Detective  W. KOSTOPOULAS' insistence;

22. On September 30, 2009 all criminal matters were Nolle Prosse by the State Attorney's

Office

23. JESUS CORONEL lost monies from sell of trailer, wages, and cost to defend the criminal

matter, damage to his reputation and psychological damage.

# V. CAUSES OF ACTION
## COUNT I
### (Violation of Civil Rights While Acting Under Color of Law  42 U.S.C. §1983).

24. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-23 of this Complaint.

25. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from false arrest; and f) the right to just compensation for taking of property.

26. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless search, and seizure of Plaintiff and his place of business. The illegal and warrantless stop set into motion the chain of events that led to an unauthorized and warrantless illegal search and seizure and the use of excessive force by Defendants, in violation of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

27. As a direct and proximate result of the violation of his constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

28. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

**COUNT II**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**(Failure to Implement Appropriate Policies, Customs and Practices)**

29. Plaintiff reallege sand incorporates herein by reference the allegations set forth in paragraphs 1-23 of this Complaint.

30. Defendant, Police Officer, W. Kostopoulas, in his capacity as Police officer of the Miami Dade Police Department in Miami Dade County, Florida, and the Defendant, Miami Dade County, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Miami Dade Police Department to harass, interfere with lawful business practices, seize Plaintiff and property unlawfully, and contact the DHSMV and request a change interfering in title without lawful justification.

31. Defendant W. Kostopoulas, in his capacity as police officer of Miami Dade, Florida, and the Defendant, Miami Dade County, implicitly or explicitly adopted and implemented a careless and reckless policy, custom, or practice of allowing employees of the Miami Dade Police Department to confront business owners, interfere with lawful business practice and unlawfully arrest and seize property and contact the DHSMV and request a change interfering in title without lawful justification..

32. The failure of the Miami Dade Police Department, and the Miami Dade County to adequately train and supervise the Defendants Kostopoulas amounts to deliberate indifference to the rights to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

33. The failure of the Miami Dade Police, and the Miami Dade County to adequately train and supervise Defendants Kostopoulas amounts to deliberate indifference to the rights of the Mr. Coronal to be free from unlawful arrest and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

34. As a result of this deliberate indifference to the Plaintiff's rights, Mr. Coronel suffered physical and emotional injuries and is entitled to relief under 42 U.S.C. §1983.

35. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; and e) the right to just compensation for taking of property.

## COUNT III
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Unlawful Arrest)

36. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-30 of this Complaint.

37. The Defendant, Miami Dade County, Florida, has adopted policies, procedures, practices or

customs within the Miami Dade Police Department that allow, among other things, the use of excessive force when other more reasonable and less drastic methods are available.

38. The actions of Defendant Miami Dade County, Florida amount to deliberate indifference to the rights of Plaintiff to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

39. As a result of the deliberate indifference to the Plaintiff's rights by the Miami Dade County, Florida and its agents, servants and employees, the Plaintiff suffered injuries and is entitled to relief under 42 U.S.C. §1983.

### COUNT IV
### Violation of Civil Rights Pursuant to 42 U.S.C. §1983
### (False Arrest).

40. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-35 of this Complaint.

41. In committing the acts complained of herein, Defendants Detective W. Kostopoulas acted under color of state law by falsely arresting and detaining the Plaintiff with no basis in fact or law to do so. In violating Plaintiff's right to be free from false arrest, the Defendants violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

42. As a direct and proximate result of the violation of his constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

## COUNT V
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Deprivation of Property Without Due Process of Law)

43. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-38 of this Complaint.

44. Detective  W. KOSTOPOULAS' , in concert with the other Defendants at the scene, intentionally violated the civil rights of the Plaintiff by his malicious and wanton disregard for Plaintiff's liberty rights.

45. Specifically, the conduct of Detective  W. KOSTOPOULAS' included the tow of the 2008 WABASH and contacting DSHMV to have title changed from VIP TOWING, the next generation to previous owner, therefore depriving VIP of title and the property right as the trailer was towed to another lot while owner/officer Jesus Coronel was in jail.

46.       Defendants actually and proximately inflicted an outrageous violation of constitutional rights upon the Plainitff, for which Defendants are liable and Plaintiff seeks damages therefor.

47.       Defendant police officer, either with the specific intent to violate the Plaintiff's civil rights or with a reckless disregard of the probability of causing that violation, inserted himself by having the trailer towed and stored at unknown location, contact DSHMV to change the title and trailer was released without notice.

Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to compensatory and punitive damages therefor.

## Count VI
### VIOLATION OF FIFTH AND FOURTEENTH AMENDMENT
### (False Imprisonment)

48. Plaintiff realleges and incorporates herein by reference the allegations set forth in

paragraphs 1-42 of this Complaint.

49. Plaintiff alleges that the Defendants breached a duty of care owed to Plaintiff, so as not to deprive him of his personal liberty, by intentionally restraining or detaining Plaintiff without just cause and without mittimus from a court.

50. Plaintiff avers that the Defendants, without probable cause, wrongfully and unlawfully detained and restrained all of the Plaintiff against his will through use of force.

51. At no time during the detainment did Plaintiff resist or attempt to resist the Defendant officers, but was fully cooperating with the police officers.

52. Plaintiff avers that the Defendants are liable to him for false imprisonment.

53. As a direct and proximate result of the false imprisonment by the Defendants, Plaintiff suffered damages, including personal injury, emotional distress, physical inconvenience, humiliation, embarrassment and continuing damage to his reputation and is entitled to relief under 42 U.S.C. §1983.

## COUNT VII
### (Negligent Supervision)

54. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-51 of this Complaint.

55. Each Defendant owed Plaintiff a duty to use due care at or about the time of the aforementioned incidents.

56. Defendants Miami Dade County and Miami Dade Police Department, negligently

supervised Defendants Detective Kostopoulas and others by failing to provide proper training and outline proper procedure.

57. Defendant, Miami Dade County and Miami Dade police Department negligently supervised Detective Kostopoulas, by failing to provide proper training and outline proper procedure in dispatching information.

58. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the personal injuries and damages to Plaintiff as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff demands: A judgment for damages, attorney fees and costs,

1. That process issue to the Defendants and that they be required to answer in the time allowed by law.

2. That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

3. That Plaintiff be awarded those damages to which it may appear he is entitled by the proof submitted in this cause for his physical and mental pain and suffering, both past and future; permanent injury and disability; loss of enjoyment of life; loss of his trailer; legal expenses, lost income and psychological expenses, both past and future.

4. That Plaintiff be awarded punitive damages against the Defendants.

5. That Plaintiff be awarded reasonable expenses incurred in this litigation, reasonable attorney

and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

6. That the Plaintiff receive any other further and general relief to which it may appears he may

be entitled.

## JURY TRIAL DEMAND

7. Plaintiff demands trial by jury for all issues as a matter of right.


Dated: Nov 29, 2012____

Respectfully submitted,

By_____

Leila G. Presner
FL BAR NO.: 161462
Attorney for Plaintiff

LAW OFFICE OF
LEILA G. PRESNER
242 Northwest 12 Avenue
Miami, FL 33140
(305) 324-5558

cafecito@aol.com